UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., | Case No. 1:22-cv-00791-HBK (HC) |
| Petitioner, | ORDER TO ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1] |
| PEOPLE OF THE STATE OF CALIFORNIA, STANISLAUS CO., | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. No. 1) |

Petitioner Clifton Williams, Jr., a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254.[2] (Doc. No. 1, "Petition"). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Petition is filed on a § 2241 form. As discussed below, the Petition challenges both Petitioner's sentence after conviction and pending criminal charges. To the extent Petitioner challenges his sentence arising out of his conviction, the undersigned liberally construes the pro se Petition as properly being filed under § 2254. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). To the extent Petitioner is challenging his pending criminal charges, the Petition is properly pursued via § 2241.

U.S.C. § 2243.  As more fully set forth herein, based on the facts and governing law, the undersigned recommends that ground one of the Petition be dismissed without prejudice for failure to exhaust administrative remedies and ground two of the Petition be dismissed under *Younger* abstention doctrine.

## I. BACKGROUND

Petitioner initiated this case by filing the instant Petition, which was docketed on June 27, 2022.  (Doc. No. 1).  The Petition raises two grounds:  the first ground relates to the sentence imposed for Petitioner's state court 2019 conviction and the second ground relates to pending state criminal charges.  (*Id*. at 6).  More specifically, in his first ground, Petitioner challenges his July 8, 2019 sentence and term of probation imposed by Stanislaus County Superior Court in case no. CR-19-006076 as "defective, invalid, illegal, unauthorized sentence and probation" under "3 strikes law, 1170(h)(3)(f) and PC 1385." (*Id*. at 2, 6).  In his second ground, Petitioner alleges violations of his due process rights, and his rights under the Fourth, Sixth, and Eighth Amendments in his "pending cases and charges."  (*Id*.).  More specifically, Petitioner claims that his illegal sentence resulted in an authorized order of probation which was used to justify probable cause.  As relief, Petitioner seeks a declaration that his 2019 sentence was illegal and an order directing that the pending state criminal charges to be dismissed.  (*Id*. at 12-13).

Petitioner acknowledges on the face of the Petition that he did not appeal the July 8, 2019 illegal sentence raised in his first ground.  (*Id*. at 2).  Regarding his second ground, Petitioner refers the Court to a civil action that remains pending in this Court at case no. 1:22-cv-00032-AWI-BAM.  (*Id*. at 4).[3]

## II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

---

[3] The Court takes judicial notice of its own files.  Petitioner references his civil rights action filed under 42 U.S.C. § 1983 in which he sues 1) Sweena Pannu, Public Defender; (2) Birgit Fladager, District Attorney; (3) Patrick Hogan, Deputy District Attorney; (4) Dawna Frenchie Reeves, Superior Court Judge; and (5) Shawn D. Bessey, Superior Court Judge in connection with his allegedly illegal 2019 sentence and the same current pending state charges.  Although the civil case remains pending, a findings and recommendations issued on July 13, 2022 recommends dismissal of the civil action.

2

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**A. Failure to Exhaust as to Ground One**

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, Petitioner does not show that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id*. The Petition states that no appeal was made regarding his first ground for relief. Thus, that ground is unexhausted. (Doc. No. 1 at 2). The Court takes judicial notice of the

3

California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which lists no supreme court cases for Petitioner.[4]  Because Petitioner has not sought relief in the California state court culminating in an appeal to the California Supreme Court, the Court cannot proceed to the merits of his habeas claim.  See 28 U.S.C. § 2254(b)(1).  Because it appears Petitioner has failed to exhaust his claims, the undersigned recommends ground one of the Petition be dismissed as unexhausted.  If Petitioner presented ground one to the California Supreme Court, he should provide proof of this filing to the court in his objections to these findings and recommendations.

### B.  *Younger* Abstention as to Ground Two

For purposes of § 2254 habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 478 U.S. 314, 321 n. 6 (1987).  The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971) applies when a petitioner's conviction is not yet final.  In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings.  This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)).  In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Id*. at 902.  Absent rare circumstances, a district court must dismiss such actions.  *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or

---

[4] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Clifton Williams, Jr.").

prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state criminal proceeding appropriate.).

Ground two raises due process claims related to undefined "pending cases and charges." (Doc. No. 1 at 6, 9-10). To the extent discernable, Petitioner claims that officials lacked probable cause and asserts this has led to an unlawful search and seizure, which ultimately resulted in the current pending state criminal charges. (*Id*. at 6).

All four of the *Younger* criteria are satisfied. First, Petitioner acknowledged when he lodged his Petition that the charges remain pending. *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc) ("The critical date" for determining whether a state proceeding is "ongoing" is "the date the federal action is filed."). *See also Nationwide Biweekly Admin. Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) (state proceedings are "ongoing" if the proceedings commenced "before any proceedings of substance on the merits have taken place in federal court."). Second, the pending state court criminal proceedings clearly implicate important state interests. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.). Third, the state proceedings afford petitioner an adequate forum to advance his claims. *Smith v. Plummer*, 438 F. App'x 642, 643 (9th Cir. 2011). And fourth, Petitioner essentially seeks to enjoin the criminal proceedings by having this Court direct the state court to dismiss the pending charges. Nowhere in the Petition does Petitioner allege and nothing in the record supports a finding of any extraordinary circumstances that would warrant this Court's intervention in on-going criminal proceedings. Because the *Younger* abstention applies, the undersigned recommends that ground two of the Petition be dismissed without prejudice to refiling once petitioner's state court proceedings have concluded. 28 U.S.C. § 2244(d)(1)(A).

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

(2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. Ground one be dismissed as unexhausted and ground two be dismissed under *Younger* and the Petition (Doc. No. 1) be DISMISSED without prejudice.
2. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     October 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE