# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS,<br><br>   Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, STANISLAUS CO.,<br><br>   Respondent. | Case No.: 1:22-cv-0791 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 6) |

Clifton Williams is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises two grounds, addressing: (1) the sentence imposed for Petitioner's state court 2019 conviction and (2) pending state criminal charges. (*See generally* Doc. 1.)

The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. (Doc. 6.) The magistrate judge determined that ground one is unexhausted and ground two was barred by the *Younger* abstention doctrine. (*Id.* at 3-5.) Therefore, the magistrate judge recommended the petition be dismissed without prejudice (*Id.* at 6) and that the Court not issue a certificate of appealability. (*Id.*)

In his objections to the Findings and Recommendations, Petitioner argues that he now believes he suffered from ineffective assistance of counsel, and that "it should not matter" that his

1

second ground for relief seeks to redress criminal proceedings that are still pending. (*Id.*) (Doc. 7.)

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner does not dispute that he did not exhaust his administrative remedies. He does not dispute the findings of the magistrate judge that Petitioner's criminal charges remain pending, the proceedings implicate important state interests, "the state proceedings afford petitioner an adequate forum to advance his claims," and "Petitioner essentially seeks to enjoin the criminal proceedings by having this Court direct the state court to dismiss the pending charges." (*See* Doc. 6 at 5.) Thus, the Court agrees the *Younger* abstention doctrine applies. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019).

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the determination that the Petition should be dismissed debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on October 26, 2022 (Doc. 6), are

1         **ADOPTED** in full.

2     2.     The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

3     3.     The Court declines to issue a certificate of appealability.

4     4.     The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:    **November 23, 2022**            _/s/ Jennifer L. Thurston_
                                                                  UNITED STATES DISTRICT JUDGE